Filed 7/12/16  P. v. Collins CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C079758 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CM040069, CM041686) |
| v. | |
| JOSHUA ROBERT RONALD COLLINS, | |
| Defendant and Appellant. | |

Defendant Joshua Robert Ronald Collins appeals from a resentencing order following defendant's request to reduce his felony conviction of Health and Safety Code section 11377, subdivision (a), in case No. CM040069 to a misdemeanor pursuant to Penal Code section 1170.18 (Proposition 47).  The trial court granted defendant's request but reimposed the same sentence and the previously-imposed fines and fees.  On appeal, he contends that his counsel was ineffective for failing to object to the trial court's decision not to modify the restitution and parole-revocation fines.

We order correction of the abstract of judgment and otherwise affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

### Case No. CM040069[1]

Shortly after midnight on January 8, 2014, an Oroville Police Department officer responded to call about a suspicious person "roaming around" in front of a building. By the time the officer arrived, defendant had entered the lobby of the building. The officer contacted defendant, who was looking at a wall and appeared to be talking to it. Defendant identified himself and claimed he was talking to a person on the other side of the wall. Defendant's pupils were dilated, he was shifting his weight from side to side, he was speaking quickly, and he was moving his hands and fingers "in an uncontrollable manner." Based on this behavior, the officer suspected defendant was under the influence of a controlled substance. The officer asked defendant if he was on anything, and he admitted "recent drug use" and that he had methamphetamine in his possession. After the officer's request, defendant gave the officer the methamphetamine he had, which amounted to a net weight of 0.85 grams.

On February 11, 2014, defendant was charged in case No. CM040069 with possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a) (count one)). He ultimately pleaded no contest to count one.

### Case No. CM041686

On August 4, 2014, a Butte County deputy responded to a report that defendant, who was possibly under the influence of a controlled substance, was standing outside of a trailer and yelling at people. The deputy determined that defendant had outstanding warrants. Once the deputy arrived, defendant fled. When the deputy chased him and ordered him to stop, defendant stopped, turned toward the deputy, raised his fists, and yelled, " 'Don't fucking touch me!' " The deputy told defendant that he was under arrest

---

[1] The facts are taken from the probation report.

2

and tried to grab his upper body, and defendant grabbed the deputy's neck and threw him to the ground. Defendant continued to hold the deputy's neck and throat and said, " 'I'm going to choke him out, I'm sorry, I'm choking him out.' "

While still in a chokehold, the deputy was able to reach his lapel microphone and request backup; he then struck defendant twice on his head, causing him to release his chokehold. The deputy then struck defendant on his arm with a baton. Defendant placed his hands behind his back and said, " 'I'm done.' " He was then arrested.[2] Because defendant was on searchable probation, his trailer was searched; two glass smoking devices containing burnt residue with a crystalline substance were discovered in his trailer.

On August 6, 2014, defendant was charged in case No. CM041686 with assault upon a peace officer (Pen. Code, § 245, subd. (c)[3] (count one)), misdemeanor possession of a smoking device (Health & Saf. Code, § 11364.1, subd. (a)(1) (count two)), and assault with means of force likely to cause great bodily injury (§ 245, subd. (a)(4) (count three)).[4] Defendant pleaded no contest to count three, and counts one and two were dismissed on the prosecutor's motion.

### Sentencing

On September 10, 2014, the trial court denied defendant's request for probation and sentenced him to a total term of four years eight months in state prison. The term consisted of the upper term of four years for count three in case No. CM041686 and eight

---

[2] The deputy suffered a three-inch abrasion to his left forearm, a small abrasion to his left knee, a large abrasion and small cut to his right knee, scrapes on his left calf, and pain in his right knee, right hip, and neck.

[3] Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

[4] The felony complaint was amended to add count three.

3

months, or one-third the midterm, for count one in case No. CM040069. In each case, the court imposed a $300 restitution fine under section 1202.4 and imposed and suspended a $300 parole-revocation fine pursuant to 1202.45.[5]

## DISCUSSION

### Ineffective Assistance of Counsel

### A. Additional Background and the Parties' Contentions

On December 8, 2014, defendant requested modification of his sentence in case No. CM040069 for his Health and Safety Code section 11377, subdivision (a), conviction pursuant to Proposition 47. The trial court granted his request and reduced his felony conviction to a misdemeanor conviction.

On April 27, 2015, at resentencing on the reduced conviction, the court imposed an eight month sentence in case No. CM040069, to run consecutive to the four years imposed in case No. CM041686. The trial court reimposed the same fines and fees, stating that it had "reviewed the fees and fines, finds them all to be within the Court's discretion, and they will not [be] modified." Defense counsel did not object.

Defendant's sole claim on appeal is that defense counsel was ineffective in failing to object to the trial court's decision to reimpose the $300 restitution fine (§ 1202.4) and $300 parole-revocation fine (§ 1202.45). Defendant notes that because defense counsel failed to object below, his challenge to these fines was forfeited on appeal. He argues that his counsel could have made a compelling argument that defendant had no ability to pay and that the minimum fine of $150 for a misdemeanor should have been imposed

---

[5] The abstract of judgment inaccurately lists that a probation-revocation fine (§ 1202.44) was imposed in each case. It is clear from the record, and the parties agree, that a parole-revocation fine pursuant to section 1202.45 was imposed in each case, rather than a probation-revocation fine. Accordingly, we direct the trial court to correct the abstract of judgment to reflect that a parole-revocation fine pursuant to section 1202.45 was imposed instead of a probation-revocation fine pursuant to section 1202.44.

4

after his felony conviction was reduced to a misdemeanor.  We conclude that defendant has not shown ineffective assistance of counsel.

### B.  Analysis

To establish ineffective assistance of counsel, a defendant must show (1) counsel's performance was below an objective standard of reasonableness under prevailing professional norms, and (2) the deficient performance prejudiced defendant.  (*Strickland v. Washington* (1984) 466 U.S. 668, 688, 691-692 [80 L.Ed.2d 674, 693-694, 696] (*Strickland*); *People v. Ledesma* (1987) 43 Cal.3d 171, 216-217 (*Ledesma*).) " 'Surmounting *Strickland*'s high bar is never an easy task.' "  (*Harrington v. Richter* (2011) 562 U.S. 86, ___ [178 L.Ed.2d 624, 642] (*Richter*), quoting *Padilla v. Kentucky* (2010) 559 U.S. 356, 371 [176 L.Ed.2d 284, 297].)

### 1.  Deficient Performance

The reason why *Strickland*'s bar is high is because "[a]n ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest 'intrusive post-trial inquiry' threaten the integrity of the very adversary process the right to counsel is meant to serve.  [Citation.]  . . .  It is 'all too tempting' to 'second-guess counsel's assistance after conviction or adverse sentence.'  [Citations.]  The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom."  (*Richter, supra*, 178 L.Ed.2d at pp. 642-643.)  "If the record does not disclose why counsel acted or failed to act in the manner challenged, then, unless counsel was asked for and failed to provide an explanation or there could be no satisfactory explanation," the claim must be rejected on appeal.  (*People v. Alvarado* (2001) 87 Cal.App.4th 178, 194.)

In this case, it is clear from the record that the trial court understood it had the discretion to modify the fines and fees and elected not to modify them. When a sentence includes a period of parole, section 1202.45, subdivisions (a) and (c), requires the sentencing court to impose and suspend a parole-revocation fine in the same amount as the mandatory restitution fine required by sections 1202.4.[6] The $300 fines that the trial court imposed were well within the discretion of the court pursuant to section 1202.4, subdivision (b), which provides that the fine for a misdemeanor conviction after January 1, 2014, shall be not less than $150 and not more than $1,000.

Based on the statutory basis for the fines and the trial court's statement that it reviewed fines and was exercising its discretion not to modify them, defense counsel could have reasonably perceived that a request to reduce the fines from $300 to $150 would have been futile. The $300 fine was well within the authorized $150 to $1,000 statutory range, and defense counsel may have known defendant had the ability to pay (even if defendant did not also have the ability to pay for the presentence report and attorney's fees) and reasonably decided not to challenge the relatively low restitution fine. " 'Trial counsel is not required to make futile objections, advance meritless arguments or undertake useless procedural challenges merely to create a record impregnable to assault for claimed inadequacy of counsel.' " (*People v. Stratton* (1988) 205 Cal.App.3d 87, 97, quoting *People v. Jones* (1979) 96 Cal.App.3d 820, 827; see *People v. Mendoza* (2000) 78 Cal.App.4th 918, 924 ["It is well settled that counsel is not ineffective in failing to make an objection when the objection would have likely been overruled by the trial court."].) Accordingly, we cannot conclude that defense counsel's

---

[6] Section 1202.45, subdivision (a), provides, "In every case where a person is convicted of a crime and his or her sentence includes a period of parole, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional parole revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4."

"representation amounted to incompetence under 'prevailing professional norms.' " (*Richter, supra*, 178 L.Ed.2d at p. 642.)

### 2. Prejudice

Even if defendant could show deficient performance to satisfy the first *Strickland* prong, we conclude that defendant was not prejudiced. To establish prejudice, "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.' " (*Richter, supra*, 178 L.Ed.2d at p. 642.) To demonstrate prejudice, appellant "must carry his burden of proving prejudice as a 'demonstrable reality,' not simply speculation as to the effect of the errors or omissions of counsel." (*People v. Williams* (1988) 44 Cal.3d 883, 937 (*Williams*).) To show prejudice, defendant must show a reasonable probability that he would have received a more favorable result had counsel's performance not been deficient. (*Strickland, supra*, 466 U.S. at pp. 693-694; *Ledesma, supra*, 43 Cal.3d 171, at pp. 217-218.)

Here, defendant contends that because "the court found [he] had no ability to pay for the presentence investigation report or his attorney's fees" at the original sentencing hearing and imposed the minimum fines for his felony offense, an objection likely would have been successful. This argument is insufficient to meet the burden of showing prejudice was a demonstrable reality rather than speculation. (See *Williams, supra*, 44 Cal.3d at p. 937.) The trial court exercised its discretion during resentencing and stated that it had "reviewed the fees and fines" and that it found "them all to be within the Court's discretion and will not be modified." We cannot conclude on this record that there was a reasonable probability of a more favorable result. (*Strickland, supra*, 466 U.S. at pp. 693-694; *Ledesma, supra*, 43 Cal.3d at pp. 217-218.)

Defendant has not met his burden of showing either deficient performance or prejudice. Accordingly, we reject his ineffective assistance claim.

**DISPOSITION**

The trial court is directed to correct the abstract of judgment to reflect that a parole-revocation fine pursuant to section 1202.45 was imposed rather than a probation-revocation fine pursuant to section 1202.44.  The trial court is further ordered to forward a certified copy of the corrected abstract to the California Department of Corrections and Rehabilitation.  The judgment is otherwise affirmed.

       MURRAY      , Acting P. J.

We concur:

     DUARTE     , J.

     RENNER     , J.